UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL WISELEY,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>PENNINGTON COUNTY SHERIFFS OFFICE, OFFICIAL CAPACITY; BILLY DAVIS, LAW ENFORCEMENT OFFICER AT PENNINGTON COUNTY SHERIFFS OFFICE IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES; AND LEONARD JACOBS, LAW ENFORCEMENT OFFICER AT PENNINGTON COUNTY SHERIFFS OFFICE IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES;<br><br>　　　　　　Defendants. | 5:18-CV-05053-JLV<br><br><br>ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND STAYING LITIGATION |

On July 27, 2018, plaintiff Michael Wiseley, an inmate at the Pennington County Jail, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 claiming violations of his constitutional rights. (Docket 1). Mr. Wiseley filed a motion for leave to proceed *in forma pauperis* and submitted a copy of his prisoner trust account report. (Dockets 2 & 3). Mr. Wiseley also requests court appointed counsel. (Docket 5).

I. **Motion to Proceed *in forma pauperis***

Section 1915 of Title 28 of the United States Code, as amended by the Prison Litigation Reform Act ("PLRA"), governs proceedings filed *in forma*

*pauperis*. When a prisoner files a civil action *in forma pauperis*, the PLRA requires a prisoner to pay an initial partial filing fee when possible. See 28 U.S.C. § 1915(b)(1). The initial partial filing fee is calculated according to § 1915(b)(1), which requires a payment of 20 percent of the greater of:

> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Id.

In support of his motion, Mr. Wiseley provided a copy of his prisoner trust account report signed by an authorized prison official. (Docket 3). The report shows an average monthly deposit since he arrived at the institution at which he is currently incarcerated of $0.61, an average monthly balance of $0.00, and a current balance of $0.00. Id. Based on this information, the court finds Mr. Wiseley is indigent and grants him leave to proceed *in forma pauperis*.

## II.   Section 1915A Screening

Under 28 U.S.C. § 1915A, the court must review a prisoner complaint and identify cognizable claims or dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. This screening process "applies to all civil complaints filed by [a] prisoner[], regardless of payment of [the] filing fee." Lewis v. Estes, 242 F.3d 375 at *1 (8th Cir. 2000) (unpublished) (citing Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999)). During this initial screening process, the court must dismiss the complaint in its entirety or in part if the complaint is "frivolous, malicious, or

fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Because Mr. Wiseley is proceeding *pro se*, his pleading must be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

Mr. Wiseley's civil complaint contains various allegations stemming from his arrest and ongoing criminal prosecutions.[1] (Docket 1). He claims defendants conducted an illegal search and seizure. Id. at p. 4. Mr. Wisely also claims defendants falsified law enforcement reports, "resulting in wrongful incarceration[.]" Id. at p. 5. A fair reading of Mr. Wiseley's complaint leads the court to conclude he claims he was falsely arrested and is now being maliciously prosecuted. In Wallace v. Kato, the Supreme Court held:

> If a plaintiff files a false-arrest claim before he has been convicted (or *files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial*), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

549 U.S. 384, 393-94 (2007) (emphasis added). Based on these facts, the court finds it appropriate to stay the civil action until Mr. Wiseley's criminal cases are resolved. Mr. Wiseley's complaint relates to matters that may be the

---

[1]Mr. Wiseley is charged with possession of a firearm by a prohibited person in this court. United States v. Wiseley, CR. 18-50073. There appear to be pending state charges against Mr. Wiseley as well. See Pennington County, Current Inmates, https://www.pennco.org/index.asp?SEC=CDB01E68-46D3-4C6D-9B71-B9E339009D8E&Type=B_BASIC.

subject of suppression motions in his pending criminal cases.[2]  "If [Mr. Wiseley] is ultimately convicted, and if the stayed civil suit would impugn that conviction, Heck[3] will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit."  Wallace, 549 U.S. at 394.

### III. Motion to Appoint Counsel

Mr. Wiseley also moves the court to appoint counsel.  (Docket 5).  There is no constitutional or statutory right to court-appointed counsel in a civil case.  Phillips v. Jasper Cty. Jail, 437 F.3d 791, 794 (8th Cir. 2006).  Rather, the court in its discretion may appoint counsel to represent an indigent prisoner such as Mr. Wiseley.  Id. (citing 28 U.S.C. § 1915(e)).  "The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments."  Id.  The court finds appointment of counsel unnecessary in this case.  The factual complexity of the issues and the existence of conflicting testimony are unknown at this stage in the litigation.  Mr. Wiseley appears capable of articulating and presenting his claims.  Further, the case does not present particularly complex legal issues, and the court is familiar with the applicable legal standards.

---

[2] Mr. Wiseley filed a motion to suppress in his federal case.  Wiseley, CR. 18-50073 (Docket 20) (D.S.D., July 24, 2018).  He later withdrew the motion. Id. (Dockets 51 & 52) (D.S.D., Jan. 8, 2019).

[3] Heck v. Humphrey, 512 U.S. 477 (1994).

4

**ORDER**

Based on the analysis above, it is

ORDERED that Mr. Wiseley's motion to proceed *in forma pauperis* (Docket 2) is granted.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the institution having custody of Mr. Wiseley shall, whenever the amount in Mr. Wiseley's inmate account exceeds $10, forward monthly payments that equal 20 percent of the funds credited to the account the preceding month to the Clerk of Court for the United States District Court, District of South Dakota, until the $350 filing fee is paid in full.

IT IS FURTHER ORDERED that the Clerk of Court is directed to send a copy of this order to the appropriate official at plaintiff's institution.

IT IS FURTHER ORDERED that the complaint shall be stayed pending the completion of the state and federal criminal prosecution of Mr. Wiseley. Mr. Wiseley shall inform the court when his state prosecution concludes.

IT IS FURTHER ORDERED that Mr. Wiseley's motion for appointment of counsel (Docket 5) is denied.

Dated February 6, 2019.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE