UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL WISELEY,<br><br>        Plaintiff,<br><br>vs.<br><br>PENNINGTON COUNTY SHERIFFS OFFICE, official capacity; BILLY DAVIS, Law Enforcement Officer at Pennington County Sheriff's Office in his individual and official capacities; and LEONARD JACOBS, Law Enforcement Officer at Pennington County Sheriff's Office in his individual and official capacities;<br><br>        Defendants. | CIV. 18-5053-JLV<br><br><br>ORDER |

## INTRODUCTION

Plaintiff Michael Wiseley brought this *pro se* civil rights action under 42 U.S.C. § 1983 alleging law enforcement officers illegally searched him and falsified reports, "resulting in wrongful incarceration[.]" (Docket 1 at pp. 4-5). At the time plaintiff filed his complaint, he was incarcerated in the Pennington County Jail, located in Rapid City, South Dakota, awaiting trial on state and federal charges. (Docket 6 at p. 3). In a previous order, the court granted plaintiff leave to proceed *in forma pauperis*, denied his motion for appointed counsel and stayed the case pending the outcome of his criminal proceedings. Id. at p. 5. The court, resuming the prisoner complaint screening process

mandated by 28 U.S.C. § 1915A, now concludes this § 1983 action is Heck-barred in part and fails to state a claim upon which relief can be granted in part.[1]

## I. Facts

Plaintiff pled guilty to possessing a firearm as a felon in this court. (CR Docket 80).[2] In the statement of factual basis supporting his plea, plaintiff agreed law enforcement officers located the gun underlying the charge on his person on June 15, 2018, after removing him from a truck in which he was sleeping. (CR Docket 81). He further agreed officers were investigating a stolen motorcycle found in the area and that the truck in which he was found did not belong to him and was parked in the driveway of a house in which he did not live. Id. at p. 2. Plaintiff ignored the officers when they attempted to speak with him and they handcuffed him for their safety. Id. at pp. 1-2. The officers located the firearm during a pat-down search. Id. at p. 2.

Plaintiff filed—and later, before a ruling, withdrew—a suppression motion based on alleged defects in this search. (CR Dockets 19 & 51). In his suppression brief, plaintiff described how law enforcement officers determined the truck belonged to a 54-year-old male, while he was visibly younger, before making contact with him. (CR. Docket 20 at p. 2). Officers suspected he had been drinking. Id. Plaintiff gave officers his name and they discovered he was

---

[1] Heck v. Humphrey, 512 U.S. 477 (1994).

[2] "CR Docket" refers to docket entries in plaintiff's criminal case. See United States v. Wiseley, CR. 18-50073.

on parole.  Id.  Plaintiff admitted to the officers he did not own the truck he was sleeping in or live in the residence where it was parked.  Id. at pp. 2-3.  Officers then patted plaintiff down and located the firearm.  Id. at p. 3.

In his civil complaint, plaintiff asserts he was illegally searched while "sleeping in a private vehicle[.]"  (Docket 1 at p. 4).  He also asserts the arresting officers falsified their reports, leading to his wrongful arrest.  Id. at p. 5.  The court finds the search plaintiff alleges violated his constitutional rights is the same search which uncovered the gun he pled to illegally possessing.  The court further finds the allegedly illegal arrest is the event which led to his federal charges.

## II.   Analysis

### A.   Wrongful arrest

Heck bars plaintiff's wrongful arrest claim.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.  Thus, when a . . . prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87 (emphasis in original).  Here, plaintiff alleges he was wrongfully arrested and incarcerated due to the arresting officers' falsification

3

of their reports.  If plaintiff successfully showed in this case that he was wrongfully arrested, it would necessarily invalidate his conviction.

Plaintiff made no showing that his federal conviction has been overturned in some way.  Until he does, his wrongful arrest action is Heck-barred and must be dismissed.  28 U.S.C. § 1915A(b)(1).

### B.   Illegal search

In performing a § 1915A screening, the court must dismiss the complaint in part or full if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief."  Id. at § 1915A(b).  "To this end, the statute accords judges . . . the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[3]  Neitzke v. Williams, 490 U.S. 319, 327 (1989).  Under this standard, the court finds the record from plaintiff's criminal case negates his illegal search claim.[4]

---

[3]Although Neitzke interpreted the federal *in forma pauperis* statute's screening provision, 18 U.S.C. § 1915(d), the same standard is used in the prisoner screening statute.  Compare § 1915(d) with § 1915A(b).

[4]Given that plaintiff pled to illegally possessing a firearm, it would seem apparent that invalidating the search which uncovered the firearm in a § 1983 action would necessarily impugn the validity of the conviction under Heck.  But Heck itself pointed to illegal search claims as an example of § 1983 claims that could survive its rule.  Heck, 512 U.S. at 477 n.7.  The court thus assumes without deciding that plaintiff's illegal search claim survives Heck and proceeds to evaluate whether it otherwise states a claim.

Under the circumstances described in the criminal record, the pat-down search was clearly permissible under Terry v. Ohio, 392 U.S. 1 (1968). "A Terry stop is justified when a police officer is able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." United States v. Polite, 910 F.3d 384, 387 (8th Cir. 2019) (internal quotation omitted).

> Officers may conduct a protective pat-down search for weapons during a valid stop when they have objectively reasonable suspicion that a person with whom they are dealing might be armed and presently dangerous. . . . A pat-down is permissible if a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger.

United States v. Green, 946 F.3d 433, 439 (8th Cir. 2019) (internal alterations and quotations omitted).

Here, plaintiff admitted he was sleeping in the passenger seat of a vehicle which did not belong to him, parked in the driveway of a residence where he did not live, in close proximity to a stolen motorcycle. (CR. Docket 81 at pp. 1-2). He was uncooperative when law enforcement officers attempted to wake him and speak with him. Id. The officers discovered he was on parole. Under these circumstances, law enforcement had reasonable suspicion that plaintiff may have been associated with the stolen motorcycle or may have been trespassing in someone else's truck. Given that plaintiff was on parole and uncooperative, the officers also had reasonable suspicion that plaintiff may have been armed, justifying a frisk.

The facts contained in plaintiff's own suppression motion and his factual basis statement foreclose a § 1983 illegal search claim. Plaintiff did not

5

successfully state a claim upon which relief can be granted and the court dismisses it.  28 U.S.C. § 1915A(b)(1).

**ORDER**

For the above reasons, it is

ORDERED that plaintiff's complaint (Docket 1) is dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Dated May 5, 2020.

        BY THE COURT:

        /s/ *Jeffrey L. Viken*
        JEFFREY L. VIKEN
        UNITED STATES DISTRICT JUDGE